■ SCREEN GEMS-COLUMBIA MUSIC, INC., et al., Respondents, v. HANSEN PUBLICATIONS, INC., et al., Appellants; COLUMBIA PICTURES INDUSTRIES, INC., et al., Defendants.— Order, Supreme Court, New York County, entered on January 31, 1973, unanimously affirmed, and that the respondents shall recover of the appellants $60 costs and disbursements of this appeal. There are not sufficient mutual issues of law and fact to warrant consolidation. Moreover, one action is in contract, while the other sounds chiefly in tort, and the single fact that they arise out of the same relationship does not warrant consolidation. Order, Supreme Court, New York County, entered on June 28, 1973, unanimously reversed, on the law, the motion of plaintiffs for partial summary judgment on the third cause of action granted, and the further portion of plaintiff's motion, not passed upon by the court, granted to the extent of severing the cross claims, counterclaims, setoffs and affirmative defenses and dismissing them in this action. Appellants shall recover of respondents $60 costs and disbursements of this appeal. The papers or statements submitted by defendants indicate clearly that moneys are due plaintiff. The reservation of the right to make adjustments is stated but defendants do not assert error in the documents or the need for adjustments. The further portion of plaintiffs-appellants' motion, not passed upon by the court, pursuant to CPLR 3211 (subd. [a], pars. 4, 6) and CPLR 3211 (subd. [b]) dismissing each and every claim asserted in the answer whether labeled " cross claim ", " counterclaim ", " setoff ", or " affirmative defense ", on stated grounds is granted to the extent of severing the cross claims, counterclaims, setoffs and affirmative defenses and dismissing them in this action. There is another action pending by defendants for the same relief and the issues raised may properly be considered in such action. The separate action by these defendants against these plaintiffs or some of them, sounds almost entirely in tort, while the instant action is in contract. Mr. Justice Dickens

properly denied a motion to consolidate. For these defendants to now assert, practically verbatim, as cross claims, counterclaims, setoffs and affirmative defenses the very claims asserted by them in their separate action as plaintiffs, if countenanced, would in effect negate the ruling of Mr. Justice Dickens. Concur — Stevens, P. J., Markewich, Nunez and Murphy, JJ.